UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

Ronald Curtis, *et al.*,                §
                                        §
    Plaintiffs,       §
                                        §
*versus*                                §     Civil Action H-09-3569
                                        §
City of Houston, *et al.*,              §
                                        §
    Defendants.       §

## Opinion on Partial Dismissal

1. *Background.*

Ronald Curtis, Cedric Johnson, and Curvis Bickham sued the City of Houston, its police officers M. McStravick, W. Anthony, E. Cisneros, J. Robles, R. Chappell, and C.W. Stivers; Fort Bend County Sheriff Milton Wright, Deputy Keith Pikett, and Fort Bend County.

The three plaintiffs say that they were wrongfully-charged with felonies based on knowingly-fabricated dog-scent lineups and false testimony. Their legal theories include constitutional violations under 42 U.S.C. 1983, state claims for malicious prosecution, abuse of process, false imprisonment, and intentional infliction of emotional distress. The plaintiffs also say that the City of Houston and the Fort Bend County are responsible for the torts of their employees under the theory of respondeat superior and should indemnify the individuals against whom the claims were brought.

The City of Houston and the Fort Bend County moved to dismiss the complaint against the officers because of the election of remedies provision of the Texas Tort Claims Act.

2. *Elections.*

The election of remedies provision narrows further the limited waiver of governmental immunity of the Texas Tort Claims Act by requiring that a plaintiff sue either the government or its employees. When a plaintiff files claims against both, the governmental unit may move to dismiss the suit against its employees. Tex. Civ. Prac. & Rem. Code §101.106(e).

The law says that plaintiffs cannot sue an employee of the state government

alternatively as an employee and as an individual. The election of remedies provision precludes the plaintiffs from saying the governmental unit is liable because its employee acted within the scope of his authority but, if not, that he acted independently and is individually liable. *Mission Consolidated Independent School District v. Garcia*, 253 S.W.3d 653, 657 (2008).

In practice, suing the governmental entity itself precludes suits against the individual employees. Both sections of the election of remedies provision support the dismissal of the plaintiffs' state claims against the individual employees.

A. *Names.*

The complaint clearly identifies the City of Houston and the Fort Bend County Sheriff Department as parties. Naming these entities in the complaint is a conscious choice by the plaintiffs to sue the state and its agents.

B. *Official Capacities.*

The dismissal of the state claims against the individuals is also required because a suit for damages against an employee of a municipality in his official capacity is logically a suit against the municipality itself. *Kentucky v. Graham*, 473 U.S. 159, 166. In Texas, an employee of the governmental unit is sued based on his conduct within the scope of his employment, the suit is against the employee in his official capacity, the employee claims against him as a private citizen must be dismissed. Tex. Civ. Prac. & Rem. Code §101.106 (f).

C. *Superiors & Indemnification.*

The plaintiffs say that the City of Houston and Fort bend County are as principals are liable for torts committed by their agents. By pleading responsibility of the principal, the plaintiffs have asserted claims against the City of Houston and Fort Bend County. Tex. Civ. Prac. & Rem. Code §101.021. Having sought to hold the government responsible, the plaintiffs are precluded from suing the individual employees. If you have sued the people but want money from government, then you have sued the government. The plaintiffs are not only suing the individuals if they also demand that the state indemnify its agents. *See Graham*, 473 U.S. at 167.

3. *Conclusion.*

The claims under state law against the people will be dismissed. The plaintiffs may proceed with their claims under federal law.

Signed on February 12, 2010, at Houston, Texas.

Lynn N. Hughes
United States District Judge