UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Ronald Curtis, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| *versus* | § § | Civil Action 09-3569 |
| City of Houston, *et al.*, | § § § | |
| Defendants. | § | |

## Opinion on Denial of Dismissal

1. *Background.*

Houston police officers J. Robles, M. McStravick, E. Cisneros, W. Anthony, R. Chappell, C.W. Stivers, Fort Bend County Sheriff Milton Wright, and Deputy Keith Pikett moved to dismiss Ronald Curtis's claims because they are barred by the statute of limitations. They also moved to dismiss the false arrest, failure to intervene, and malicious prosecution claims brought by Curtis, Cedric Johnson, and Curvis Bickham.

2. *Limitations.*

The defendants say Curtis's claims should be dismissed because the statute of limitations started to run with the dog-scent lineup that implicated Curtis in the crimes. This lineup took place on August 3, 2007. The police first arrested Curtis on June 13, 2007, but the charges were dismissed that same day. On August 6, 2007, after the dog-scent lineup took place, the police charged Curtis with a felony count of burglary for one of the June T-Mobile store burglaries. On January 29, 2008, Curtis was indicted for the other two June-July T-Mobile store burglaries. The government pursued the indictment against Curtis even though after his arrest, burglaries continued. On April 9, 2008, all charges against Curtis were dismissed. Curtis sued the City of Houston, Fort Bend County, and the police officers on November 4, 2009.

Curtis's claims are not barred by the statute of limitations. If the government charged the Curtis from evidence obtained during the dog-scent lineups, the statute of limitations began to run once the judge threw out the charges. Vindication gives rise to the complaint–once the government loses, you have a complaint. The limitations began to run when Curtis had enough information to know he had been injured. When the charges were dismissed on April 9, 2008, the statute of limitations began to run. Therefore, the November 4, 2009 suit falls within the Texas two year period of limitations. *See Owens v. Okure*, 488 U.S. 235 (1989); *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); Tex. Civ. Prac. & Rem. Code § 16.003(a).

3. *Due Process.*

All claims asserted boil down to due process and malicious prosecution. The false arrest and failure to intervene claims are really part of a due process case. All of these claims have a shade of due process and will be dealt with accordingly.

4. *Conclusion.*

The plaintiffs claims are not barred by the statute of limitations. They may proceed with their false arrest, failure to intervene, and malicious prosecution claims under a due process analysis.

Signed on March 31, 2010, at Houston, Texas.

_____

Lynn N. Hughes
United States District Judge